UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQEEL T. ASH-SHAKOOR

       Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 20-12184

Linda V. Parker
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER VENUE

This is an action for judicial review of a final decision of the Defendant Andrew Saul's, Commissioner of Social Security, denial of Plaintiff's claim for disability and disability insurance benefits. (ECF No. 1). Plaintiff Aqeel Ash-Shakoor commenced this action on August 13, 2020 in the Eastern District of Michigan. (ECF No. 1). On August 17, 2020, the Court granted Plaintiff's *in forma pauperis* application. (ECF No. 4).

On January 27, 2021, Plaintiff filed the instant motion requesting this court transfer venue to the Western District of Michigan pursuant to 28 U.S.C. §§ 1404 and 1406(a) as Plaintiff resides in Lansing, Michigan. (ECF No. 12). The motion is unopposed by Defendant Commissioner. (*Id*.).

Section 404 U.S.C. § 405(g) states that an individual may obtain a review of

a final decision issued by the Commissioner of Social Security "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . . ." 42 U.S.C. § 405(g).  As Plaintiff resides in Lansing, which falls within the jurisdiction of the Western District of Michigan, under 42 U.S.C. § 405(g) Plaintiff was permitted to file the action in the judicial district in which Plaintiff resides, *to wit* the Western District of Michigan.

Section 1406 permits a district court to transfer a case to the district in which it could have been filed when the case is filed in the improper division or district. 28 U.S.C. § 1406(a); *see also K-Tex, LLC v. Cintast Corp.*, 693 F. App'x 406, 409 (6th Cir. 2017) ("[Section] 1406 [is] for cases brought in an improper venue."). Per 42 U.S.C. § 405(g), Plaintiff was to file this appeal in the district court for the judicial district in which Plaintiff either resides of has his principal place of business in.  Plaintiff's motion indicates the appeal was inadvertently filed in this Court.  (ECF No. 5, PageID.38).

Plaintiff also requests that the Court transfer the case per 28 U.S.C. § 1404. Section 1404 permits a district court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C § 1404(a).  The rule, in essence, is the embodiment of the legal concept *forum non conveniens*.  *See id.*  As the main witness in the action, *i.e.*, Plaintiff, resides in Lansing it is reasonable to find that it

would be more convenient and in the interest of both parties for the action to proceed in the Western District of Michigan.  *See id.*

As the action was incorrectly filed in the Eastern District of Michigan and Plaintiff currently resides in Lansing, Michigan, Plaintiff's Motion for Change of Venue is **GRANTED** per 28 U.S.C. §§ 1406(a) and 1404 and the action is to be transferred to the Western District of Michigan.

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: January 28, 2021                                  s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge